**PROCTOR v. MILLER et al.**

No. 686.

Municipal Court of Appeals for the District of Columbia.

Jan. 10, 1949.

Ralph A. Cusick, of Washington, D. C., for petitioner.

Leonard S. Hayes, of Washington, D. C., for respondents.

Ruffin A. Brantley, of Washington, D. C. (Ernest F. Williams, of Washington, D. C., on the brief), for Administrator of Rent Control.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Petitioner brings this appeal to review an order of the District of Columbia Rent Administrator which granted in part and denied in part an application for a rent increase filed pursuant to Section 4(b) of the District of Columbia Emergency Rent Act.[1]

Involved is the rent ceiling for 202 housing units or apartments contained in ten groups of buildings, all owned and operated by one landlord, petitioner here. One group is located in the northwest section and the other nine in the northeast section of the city. At the request of the landlord and without objection from the tenants the applications for increased rentals for all of the units were considered and decided together upon the theory that the applicable facts were for all practical purposes the same for the various units.

Some of the units were completed in 1939 and the remainder in 1940, with the result that 1941 was the first full calendar year of operating experience for all. A separate increase in rents based upon increased real estate taxes and water rents had been granted in 1947 pursuant to the Rent Administrator's Order No. 12. Increased taxes and water rents, therefore, are not involved in this appeal.

Petitioner based his application upon the fact that total labor expense, repairs and operations had increased from $3,495 in 1941 to $15,773 in 1946, making an increased expenditure of $12,278. In order to meet this increased expenditure the landlord requested a flat rent increase of $5 per unit per month on each of the 202 units, or a total increase of $12,120. Since the total rental income throughout the period was $89,623, the increase requested would represent an increased rental income of approximately 13½%.

The Administrator used an entirely different basis of calculation, or formula, in consequence of which he granted a flat increase of $2.25 per unit per month. Such increase would give to the landlord on the 202 units an increased rental income of $5,454 per annum, representing an increase percentagewise of a little over 6% as compared with the 13½% requested by the petitioner.

The formula used by the Administrator was the same as those used by him in Winkler v. Ballard, 63 A.2d 660, decided by us December 22, 1948, but rejected by him in Hall v. Ring Management Co., 63 A.2d 656, decided by us December 28, 1948. He averaged the expenses for the years 1941 to 1947, inclusive, deducted the 1941 expenses from such average figure, and then granted a sufficient rent increase to produce the difference.

No complaint is made of inadequate findings by the examiner or Administrator, for here the Administrator filed a memorandum giving detailed reasons for the action taken. In this respect this case differs from other cases recently decided by us. Winkler v. Ballard, supra, and Hall v. Ring Management Co., supra.

 We have concluded that the order appealed from must be reversed upon the principal ground (point 2) stated in our opinions in Winkler v. Ballard, supra, and Hall v. Ring Management Co., supra. We think it appropriate to add that the analy-

---

[1] Code 1940, Supp. VI, § 45—1604(b).

sis of the figures contained in the Administrator's memorandum is a model of clarity. Our criticism of its conclusion is twofold: it does not show why different methods are followed in closely analogous cases; and it does not establish that merely averaging expense figures over a period of years is the appropriate method of weighing increased expenses due to elements other than increases in the price level. We are convinced that landlords are entitled to receive increased rentals due to increases in price levels only and not to other elements, such as making up for deferred maintenance, urged by the landlord in the present case. For example, the "Handbook for Rent Advisory Boards" issued by the Office of the Housing Expediter under the Housing and Rent Act of 1947, § 204(d), 50 U.S.C.A.Appendix, § 1894(d), provides that "Items of expense which recur at intervals of more than one year should be allocated over the period of years equivalent to their normal recurrence, for example: Painting and decorating: allocate ½ to ⅕ of the cost to each year, depending on customary recurrence. Re-roofing: allocate 1/10 to 1/20 of the cost to each year, depending on quality."[2] It seems obvious that such a method is fairer to landlord and tenant alike and is more in accordance with good accounting practice than merely to average all expenses over a period of years.

Reversed.

HOOD, Associate Judge, (dissenting).

For the reasons stated in my dissents in Winkler v. Ballard, D.C.Mun.App., 63 A. 2d 660, and Hall v. Ring Management Co., D.C.Mun.App., 63 A.2d 656, I am not in agreement with the Court. Here, again, an order of the Administrator is reversed with little or no direction for his guidance in subsequent proceedings. I still believe the Court should decide whether the Administrator has any discretion in adjusting rent ceilings and, if so, the extent of that discretion. If he has no discretion then the Court should state clearly and distinctly the principles which must be followed by him in performing his duties in this type of proceeding.

[2] See: In re Jamestown Defense Rental Area, Em.App., 1948, 171 F.2d 708.