**SHAPIRO v. BOMBARDIER et al.**

**No. 707.**

Municipal Court of Appeals for the District of Columbia.

Jan. 26, 1949.

H. Max Ammerman, of Washington, D. C., for petitioner.

David Cobb, of Washington, D. C., for respondents.

Ernest F. Williams, of Washington, D. C., (Ruffin A. Brantley, of Washington, D. C., on the brief), for Administrator of Rent Control.

Before CAYTON, Chief Judge, and HOOD, and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

This petition for review of an order of the Rent Administrator involves the rent ceilings on 43 units in the apartment house at 5301 New Hampshire Avenue. Petitioner is the landlord and respondents are the tenants. The Rent Administrator through his general counsel has also filed a brief in defense of his order.

The landlord petitioned for an increase of approximately 13%. While the exact basis for this figure was not stated, it is clear from figures submitted that petitioner compared the operating expenses for the year 1947 with those of the base year, 1941, and requested a sufficient rental increase to produce the increase in operating expenses.

The Administrator's examiner who heard the evidence made no detailed findings of fact but recommended a rental increase of 4.4%. The landlord petitioned the Administrator for a review of the examiner's

---

proposed order, urging, first, the basis of the examiner's calculations had not been included in the findings and, second, that the recommended increase was insufficient to compensate for the increased operating expenses. The Administrator thereupon issued an order approving the examiner's recommendations. In such order the Administrator stated that the examiner had averaged the expenses for the years 1942 to 1947, inclusive, and had allowed a sufficient rental increase to make up for the excess of such averaged operating expenses over the operating expenses for 1941. The landlord urges here that the basis used by the examiner and approved by the Administrator is not in accordance with the statute and further that the disclosure for the first time in the Administrator's order of the basis of calculation used came too late since it did not give to the parties an opportunity to urge objections to such basis before the Administrator.

■ For the reasons stated by us in Winkler v. Ballard, D.C.Mun.App., 63 A. 2d 660; Hall v. Ring Management Co., D.C.Mun.App., 63 A.2d 656; and Proctor v. Miller, D.C.Mun.App., 63 A.2d 665, we conclude that the order of the Administrator must be reversed and remanded for further proceedings in accordance with those opinions.

■ The tenants urge that the order of the Administrator should be affirmed or that the petition of the landlord should be dismissed upon the procedural ground that the landlord did not comply with the Administrator's rule 21(c) providing that a petitioner desiring a review of an order of the Administrator must submit a full and complete statement of all the evidence introduced before the examiner and that upon the failure to submit such a statement the Administrator is entitled to assume that the findings are supported by sufficient evidence. While we agree with the petition of the tenants that the statement of evidence required by the Administrator's rule should have been furnished, we do not agree with the conclusion that the Administrator's order must be affirmed for this reason. The record before us makes it

abundantly clear that the examiner and the Administrator accepted, with slight modifications, the statements of operating expenses as submitted by the landlord. In the view of the case taken by the examiner and by the Administrator, the record was adequate. We believe it inadequate, however, for consideration of the case upon a proper basis. That basis is that the examiner and the Administrator should consider the various items of operating expenses for the base year and for the last year of operation and should make such adjustments as are necessary based upon expenses for the intervening years and other relevant data as outlined by us in Proctor v. Miller, supra.

Reversed.

HOOD, Associate Judge, dissents.